**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LORI WILK, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. 1:21-cv-4794 |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | |
| BRAINSHARK, INC. | ) ) | |
| Defendant. | ) ) ) | |

**CLASS ACTION COMPLAINT**

Lori Wilk ("Plaintiff") files this Class Action Complaint ("Complaint") against Brainshark, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1.      Defendant provides sales enablement and readiness services to business customers.

2.      In particular, Defendant offers software as a service-based applications to business customers to train and improve the performance of their sales personnel.

3.      Over 1,000 companies – including many in the Fortune 100 – use Defendant's technology. *See* Brainshark Announces Record Growth in 2020, available here.[1]

4.      Defendant obtains videos of Illinois-based sales employees performing presentations and scores their performance through an artificial intelligence machine analysis.

5.      Among other functions, Defendant's machine analysis uses cutting edge facial mapping technology to identify emotions exhibited by the salesperson presenting in the video,

---

[1]      All website links last visited on September 3, 2021.

including happiness, surprise, sadness, anger, contempt, aversion, and fear. *See* Machine Analysis

& Scoring with Brainshark, available here (discussed at 1:02) and depicted below:.



6.      As Brainshark further explains, "[e]very second of the video, Machine Analysis

analyzes the seller's facial expression for eight emotions – happiness, surprise, sadness, contempt,

etc. – noting their frequency within a submission (e.g., 95% happiness, 2% sadness, 3% contempt,

etc.)." *See* Brainshark's New AI-Powered Engine Elevates Sales Coaching and Readiness,

available here.

7.      By providing automated scoring of a salesperson's presentation, Defendant

streamlines the process for sales managers to train and coach workers.

8.      To perform its emotion analysis function, Defendant's facial mapping technology collects scans of individuals' facial geometry and shares the results with the employers of those persons who had their facial geometry analyzed.

9.      From her home in Naperville, Illinois, Plaintiff previously worked for a business called RQI Partners, LLC.

10.     RQI Partners, LLC contracted with Defendant for its sales enablement software applications.

11.     On approximately six occasions – starting in November 2020 and ending in mid-2021 – Plaintiff recorded videos of her sales presentations for RQI Partners, LLC and uploaded them to Brainshark.

12.     When Plaintiff uploaded one or more videos to Brainshark, Brainshark collected scans of her facial geometry to identify the emotions she exhibited in the video presentation.

13.     Defendant never informed Plaintiff, in writing or otherwise, that it was collecting scans of her facial geometry or her biometric data.

14.     Likewise, Defendant never obtained Plaintiff's informed written consent to collect scans of her facial geometry or her biometric data.

15.     In 2008, Illinois enacted the Biometric Information Privacy Act and restricted private entities, like Defendant, from collecting a person's biometric identifiers, including scans of facial geometry, without adhering to strict written disclosure and informed-consent procedures established by the Biometric Information Privacy Act.

16.     Defendant captured, collected, or otherwise obtained biometric facial geometry scan identifiers from Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

**JURISDICTION AND VENUE**

17.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint against individuals located in Illinois.

18.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff and Defendant are citizens of different states, there are estimated to be thousands of potential class members, and over $5,000,000 is in controversy.

19.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to this action took place here.

**THE PARTIES**

20.     Plaintiff is an individual who is a resident of Illinois.

21.     Defendant is Delaware Corporation.

22.     Defendant's principal office is in Waltham, Massachusetts.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

23.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

24.     Among other things, the Biometric Information Privacy Act prohibits a "private entity" from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first obtains the individual's informed written consent. 740 ILCS 14/15(b)(3).

25.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

## BACKGROUND FACTS

26.     When Plaintiff uploaded videos to Defendant's software application, Defendant captured, collected, or otherwise obtained scans of Plaintiff's facial geometry.

27.     Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry, Defendant never provided Plaintiff any written materials stating that it was capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry.

28.     Before capturing, collecting, or otherwise obtaining scans of Plaintiff's facial geometry, Defendant never obtained Plaintiff's informed written consent authorizing the capture, collection, or use of scans of Plaintiff's facial geometry.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff seeks to represent a class of Illinois residents who uploaded video to Defendant from Illinois and from whom Defendant captured, collected, or otherwise obtained one or more scans of their facial geometry between September 9, 2016 and the present ("the Class").

30.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: Defendant capturing, collecting or otherwise obtaining scans of their facial geometry without adhering to the requirements of the Biometric Information Privacy Act.

31.     The Class includes more than 50 members.

32.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

33.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant captured, collected, or otherwise obtained scans of facial geometry from the Class; whether the facial scan data Defendant captured qualifies as "biometric identifiers" under the Biometric Information Privacy Act; and whether Defendant made written disclosures and obtained informed written consent before capturing, collecting, or otherwise obtaining scans of facial geometry from the Class.

34.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

35.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

36.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

37.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

38.     The books and records of Defendant are material to Plaintiff's case as they disclose how Defendant captured, collected, or otherwise obtained scans of facial geometry from Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about its capture, collection, and use of their biometric identifiers.

39.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

40.     Plaintiff retained counsel experienced in complex class action litigation, including class action litigation under the Biometric Information Privacy Act.

**COUNT I**
**Violation of the Biometric Information Privacy Act**
**(Class Action)**

41.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

42.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

43.     Plaintiff's and the Class's scans of facial geometry qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

44.     Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing that Defendant was doing so and also by failing to have available a publicly available policy concerning its collection and storage of biometric information.

45.     Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would collect, store, and use Plaintiff's and the Class's scans of facial geometry.

46.     Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first obtaining their informed written consent to the capture, collection, or use of Plaintiff's and the Class's scans of facial geometry.

47.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008

and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: September 9, 2021

/s/ Zachary C. Flowerree
One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
**FISH POTTER BOLAÑOS, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
Tel: (630) 355-7590

Douglas M. Werman
dwerman@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

*Attorneys for Plaintiff*